UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK JOHNSON, | Case No. 14-11896 |
| Plaintiff, | Denise Page Hood |
| v. | United States District Judge |
| DANIEL H. HEYNS, *et al*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION
RULE 41(b) DISMISSAL AND
MOTION TO DISMISS (Dkt. 10, 18)**

I.  **PROCEDURAL HISTORY**

Plaintiff filed this prisoner civil rights case on May 8, 2014.  (Dkt. 1).  This matter was referred for all pretrial proceedings to the undersigned on July 3, 2014.  (Dkt. 11, 12).  On June 24, 2014, defendant Heyns filed a motion to dismiss the complaint.  (Dkt. 10).  On August 7, 2014, the Court issued an order requiring a response to the motion to dismiss by September 22, 2014, which specifically provided that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**.  (Dkt. 17) (emphasis in original).  On August 28, 2014, defendants Barber and the Michigan Legislature filed a motion to dismiss the complaint.  (Dkt. 18).  On August 29, 2014, plaintiff was ordered to file a response by October 14, 2014, which

1

specifically provided that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 19).

On September 22, 2014, plaintiff sent a letter to the Court, which was construed as a motion to extend time to respond to the motions to dismiss. (Dkt. 20). In that letter, plaintiff explained that he was discharged from the Central Michigan Correctional Facility on a detainer from Oakland County Jail. He says he was not allowed to bring his legal papers with him. He had someone pick up his legal papers at the St. Louis facility, but says that the Oakland County Jail officials would not allow the papers into the jail. (Dkt. 20).

Court staff contacted the Oakland County Corporation Counsel and was assured that plaintiff could receive his legal papers. Plaintiff sent a second letter, received by the Court on December 12, 2014, which indicated that some legal papers were allowed into the jail, but not the papers pertaining to this case. (Dkt. 21). Court staff again contacted Oakland County Corporation Counsel, who looked into the matter and assured court staff that no legal papers brought or sent to the jail for plaintiff had been kept from him. As noted in the January 9, 2015 Order, plaintiff did not identify what legal papers were purportedly missing, so the Court sent him copies of the motions to dismiss along with the Order. (Dkt. 22). The Court granted plaintiff's motion for an extension of time to respond to the

motions to dismiss until January 16, 2015. (Dkt. 22). The Order specifically warned plaintiff again that "**[f]ailure to file timely responses will result in a recommendation of dismissal under Rule 41(b)**" and that no further extensions would be permitted. (Dkt. 22) (Emphasis in original). It is now one week past the deadline and plaintiff has not filed any responses to the pending motions to dismiss.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and that the pending motions to dismiss (Dkt. 10, 18) be **TERMINATED** as **MOOT**.

## II. ANALYSIS AND CONCLUSION

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing

to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be

doubted." *Id.* at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro*, 173 F.3d at 991 (citing *Carver*, 946 F.2d at 453). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). In this case, the Court warned plaintiff several times that dismissal in defendants' favor would be granted if he failed to file a substantive response to the motions to dismiss. (Dkt. 17, 19, 22). Thus, this factor weighs in favor of dismissal. With respect to the

5

first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. In this case, just as in *White*, it is not clear whether plaintiff's failure to file a timely response is the result of willfulness, bad faith or fault. However, defendants cannot defend this matter and should not be required to expend further resources where plaintiff has failed to respond to the dispositive motions. Finally, given plaintiff's repeated failures to comply with Court orders, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of*

*Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately). The undersigned concludes that, for the reasons discussed above, plaintiff has "engaged in a clear pattern of delay" by repeatedly failing to comply with orders of the Court and by otherwise failing to respond to the motions to dismiss. Under these circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's first amended complaint be **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and that defendants' motions to dismiss (Dkt. 10, 18) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 23, 2015            s/Michael Hluchaniuk
                                  Michael Hluchaniuk
                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on January 23, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kevin R. Himebaugh, Denise C. Barton and Lisa Geminick and that I have mailed by United States Postal Service to the following non-ECF participant: Mark Johnson, #21965, Oakland County Jail, 1201 N. Telegraph Road, Pontiac, MI 48341.

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov